UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

**JUNIOR MAYEA**

    **Plaintiff,**

vs.

**LIPSEY COMMUNICATIONS LLC**
**a Foreign Profit Corporation**

    **Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JUNIOR MAYEA ("Plaintiff" or "Mr. Mayea"), by and through undersigned counsel, files this Complaint against Defendant, LIPSEY COMMUNICATIONS LLC. ("Defendant" or "LCL"), and states as follows:

## NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") and breach of contract to recover from Defendant overtime compensation, lost wages including front and back pay, liquidated damages, unpaid wages, unpaid commissions, contractual and consequential damages, interest, and reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff was an employee who performed Sales Representative, Assistant Manager, and Store Manager services on behalf of Defendant in Hillsborough County, Florida.

1

3. LCL is a Foreign Profit Corporation located in Hillsborough County, Florida, and which, at all times relevant, performed work in Hillsborough County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), as to the federal claims, and this court has supplemental jurisdiction over the breach of contract claims as they arise out of the same operative facts and circumstances as the FLSA claims.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Hillsborough County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during all times relevant.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. At all times material hereto, Defendant was primarily engaged in providing, among other things, consumer electronics and appliances, to local and out of state clients via its business located in Hillsborough County, Florida.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, phones, tablets, various electronics, and office equipment and supplies, but which had come to rest within its location in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant as a non-exempt, hourly Sales Representative ("SR"), and subsequently as an non-exempt, hourly Assistant Manager ("AM"), from June 2018, through July 2019.

16. While working as an SR and AM, Plaintiff worked in Hillsborough County, Florida, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

17. As an SR/AM, Plaintiff had no authority to hire or fire employees of LCL.

18. As an SR/AM, Plaintiff had no authority to discipline employees of LCL.

19. As an SR/AM, Plaintiff had no authority to determine the schedules to be worked by any employees of LCL, or to change the schedules.

20. As an SR/AM, Plaintiff had no authority to set rates of pay for other employees or agents of LCL.

21. As an SR/AM, Plaintiff had no input into performance reviews of other employees or agents of LCL.

22. As an SR/AM, All of Plaintiff's major decisions had to be cleared in advance by one of LCL's supervisors.

23. As an SR/AM, Plaintiff was monitored by LCL's managers and supervisors at all times.

24. As an SR/AM, Plaintiff followed procedures established by LCL and did exactly as he was instructed to do.

25. Throughout the relevant time period, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

26. Throughout the relevant time period, Plaintiff regularly worked forty-nine (49) or more hours per week for Defendant.

27. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period, instead paying him his overtime rate only for **some** of his overtime hours, and subsequently paying him **straight time** at his regular rate of $12.00 per hour for the majority of his overtime hours worked.

28. Around July 2019, Defendant promoted Plaintiff to Store Manager ("SM"), and he became a salaried, exempt employee.

29. As an SM, in exchange for the performance of his duties, Defendant offered to increase Plaintiff's pay to a rate of $14.42 per hour along with commissions from sales (the "Agreement").

30. Plaintiff accepted Defendant's offer.

31. Plaintiff continued work for Defendant in consideration of Defendant's offer of compensation and employment pursuant to the Agreement.

32. The foregoing created an enforceable oral contract/Agreement under Florida law and Plaintiff continued to work on this basis.

33. Around March 2020, while Plaintiff was working as an SM, Defendant ordered the closures of multiple stores due to the COVID-19 pandemic.

34. As a result, Defendant docked the pay of employees who were unable to work their full shifts.

35. Plaintiff was not one of these employees, as Defendant still required Plaintiff to train various employees, and work at various stores effectuating merchandise sales.

36. Accordingly, during this time, Plaintiff regularly worked over forty (40) hours per week and made multiple sales in his capacity as SM.

37. Plaintiff continued to work full-time on the basis that Defendant would pay him at his regular rate and award Plaintiff his earned commissions, as Defendant had done in the past.

38. Plaintiff did not agree to any reduction of his hourly rate or commissions earned.

39. Despite this, Defendant unlawfully docked Plaintiff's wages and failed to pay him commissions earned for the month of March 2020.

40. To date, Defendant has not paid Plaintiff **$1,800.00** in wages and commissions earned but for which Defendant failed to pay him.

41. Plaintiff performed faithfully under the Agreement throughout the duration of his employment.

42. To date, Defendant has not paid Plaintiff the above-noted wages.

43. Defendant's refusal to pay Plaintiff his earned wages and commissions are considered a material breach of the Agreement.

44. In July 2020, Plaintiff and Defendant ended their employment relationship.

45. Accordingly, in light of the foregoing violations of law and material breach of the Agreement, Plaintiff is entitled to the uncompensated pay, interest, and attorney's fees and costs.

46. Furthermore, Plaintiff should have been compensated at the rate of one and one-

half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

47. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **most** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

48. Plaintiff estimates his FLSA damages to be as follows: Taking an average of nine (9) overtime ("OT") hours per week, Plaintiff is owed 9 OT hours x $18.00 per hour totaling $162.00 per week. Plaintiff estimates approximately 42 weeks remain in the operative FLSA statute of limitations. As such Plaintiff is owed a total of $162.00 x 42 = **$6,804.00** in unliquidated overtime damages, and **$13,608.00**, in liquidated damages plus attorneys' fees and costs.

49. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

50. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

51. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from

recovering payment for all overtime worked under the FLSA.

52. Based on the allegations in Paragraphs 49-51, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

53. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

54. Plaintiff reincorporates and re-alleges paragraphs 1-27, and 44, 46-53, above, as though set forth fully herein, and further alleges as follows:

55. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

56. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

57. Plaintiff was not an exempt employee as defined by the FLSA, and was instead an hourly-paid, non-exempt employee as defined by the FLSA.

58. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

59. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor

against Defendant, and that this Court declare, pursuant to the FLSA that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA, award Plaintiff overtime compensation in the amount due to his for time worked in excess of forty (40) hours per work week, award Plaintiff liquidated damages in an amount equal to the overtime award, award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b), award Plaintiff pre-judgment interest, and order any other and further relief that the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT/AGREEMENT

60. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-5, 15, 28-45, and 53, above, as if fully set forth herein.

61. Plaintiff and Defendant entered into a legally enforceable Agreement under Florida law.

62. Plaintiff performed the necessary work under the Agreement to vest the wages to which he was contractually entitled, and in consideration of Defendant's offer and Plaintiff's acceptance of same.

63. Plaintiff has been damaged due to Defendant's willful failure to pay Plaintiff the appropriate agreed upon wages and by breaching the Agreement.

64. Pursuant to § 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and his reasonable attorney's fees.

**WHEREFORE,** Plaintiff requests judgment against the Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorney's fees, and such other and further relief the court deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 12th day of October, 2020.

                Respectfully Submitted,

***/s/Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*